Judge Tucker.
In considering this case, it will first be necessary to examine whether the evidence stated in the defendant’s demurrer be sufficient for a Jury to have found a verdict for the plaintiffs, upon either of the counts in the declaration.
The demurrer to evidence states, that in "June, 1787, a conversation passed between the plaintiff and the defendant, wherein the former told the latter, 44 that he 44 had greatly deceived the plaintiff, as to the thirds of the 44 land.” The defendant replied, “ that he had., but 44 that he had written to his brother concerning the busi- “ ness, and got his answer, and that it should be settled “ directly ; and you,” meaning the plaintiff, 44 shall be 44 paid therefor to your satisfactionIt is impossible not to understand this conversation, as relating to some prior agreement between the parties, respecting the land which is alleged to have been in the occupation of the defendant. It is impossible not to understand it as re* cognising the plaintiff’s right thereto, and the defendant’s obligation to make him satisfaction for the enjoyment he had had of it, which he had failed to do, according to some previous promise; the acknowledgment of the defendant, that he deceived the plaintiff, will admit of no other construction ; for unless he had promised, he could not have deceived him. The subsequent promise, that the plaintiff should be paid therefor to his satisfaction, is amply sufficient to support the second *168 count, which is a quantum valebat, for the use and oecupation of a plantation for a certain number of years. -^nc* 1 think a Jury might well have inferred, from this evidence, that the defendant had agreed to pay the ", ° r J plaintiff for the same, so long as he should occupy and enjoy it, which would also support the first count. The nature of the right of the plaintiffs, thus acknowledged by the defendant, cannot, after the enjoyment of the land, under them, be necessary to be inquired into. If there had been no demurrer to the evidence, I think the Jury ought to have found a verdict for the plaintiff, and therefore think the District Court gave a correct judgment upon the demurrer.
The next question is in the nature of a motion in arrest of judgment; namely, whether this action of assumpsit, for the use and occupation of a plantation, lies in this country.
We are told by Mr. Espinasse, (1 Nisi Prius, 20.) that the action of assumpsit for use and occupation was given by stat. 11 Geo. II. c. 19. which was never in force in this country. Judge Butter, in his treatise on the same subject^ p. 138. says, at common law it was holden, that assumpsit would lie for rent on an express promise; but not upon an implied promise ; and such express promise must have been made, at the same time with the lease ; and for this he cites 3 Lev. 150.
Mr. Espinasse does not appear to be altogether correct in this passage. The action for use and occupation was not given by the statute of George: it had been used at least from the time of James the first, as the case of Dartual v. Morgan(a) clearly proves; and the case of How v. Norton(b) shews it was in use in the time of his son Charles II. and a variety of other cases mightbe shewn to prove the same thing. We are told by Judge Bathurst, that the statute was made for the benefit of landlords, and to prevent tenants from putting them to difficulties (after enjoyment of the lands) *169 In recovering their rents under parol demises or agreements ; for, before the statute, in actions for the use and .occupation, the landlords were continually nonsuited, by the tenants’ proving, at the trial, some parol demise, or memorandum in writing-, amounting to a demise; for, in that case, the landlord ought to have brought an action of debt, and not case, on assumpsit; which was remedied by the statute. That this was the true reason for making the statute, will appear by the cases on the the subject, from the time of Hobart.(a)
I shall now notice some cases where actions similar to the present have been brought.
The case of Darinal v. Morgan(b) was an action of assumpsit: “ Whereas the plaintiff loeasset to the de- “ fendanl a certain warehouse, the defendant assumed “ to pay him, for every week that he occupied it, eight, “ shillings ; and alleges, in fact, that he occupied it “ twenty-seven weeks ; for which, upon not paying “ upon request, the action war. brought. Upon non as* “ sumpsit, and verdict for the plaintiff, the, defendant “ moved, in arrest of judgment, that this is a lease, (at. “ least at will,) and the eight shillings weekly is in na» sl ture of rent, and for rent reserved in the lease, (which “ sounds in the realty,) assumpsit lies not; nor for ic debt, upon a specialty, or upon record. But here.¿ forasmuch as this is not a lease, but a promise* e‘ that as long as he permitted him to occupy the ware-e‘ house he would pay it, it is not any rent, but merely a promise in consideration of occupying, &c. Where- “ fore this action well lay ; and it was adjudged for the •« plaintiff.”
The case of Bard v. Bard(c) was also an action of assumpsit, in which the plaintiff declared upon an insimul computassent, concerning the arrearages of rent issuing out of defendant’s land, and about payment of a legacy due to the plaintiff by his father’s decree. The defendant pleaded non assumpsit: and found against' *170 him, and, on motion, in arrest of judgment, the plaintiff had judgment j for that they accounting together, and the defendant promising to pay, was a sufficient cause of action.
In Sleeck v. Bowsal,(a) the plaintiff declared in as-, sumpsit, for that whereas the defendant was indebted to him in the Si. pro redditu ante tunc debito, the defendant promised to pay that Si. whenever required ; and alleged in fact, that, after such a day and year, he made a request, and the defendant hath not paid him. Defendant pleaded payment ; and found against him. And it was moved, in arrest of judgment, that the declaration was not good, because he doth not shew when the rent was due, nor for what term, nor upon what contract. Yet, because the defendant had taken notice thereof, affirming he had paid it, and issue thereupon* and found against him, the declaration is made good.
How v. Norton,(b) was also an action of assumpsit* in consideration the plaintiff would permit the defendant to enjoy such land, and that he permitted him to enjoy it three years, and that it was worth 101. per annum. After verdict for the plaintiff, it was moved, in arrest of judgment, 1st. That it does not appear that the plaintiff had any title to the land ; 2d. If he had title, that debt lies, and not this action. But the Court held the contrary on both points, and gave judgment for the plaintiff. This case appears to me to be expressly in point, there being no other difference that I can perceive, than that it was after a verdict ; whereas, in the case before us, there is a demurrer to evidence. But if the Court, when substituted for the Jury, find the evidence sufficient to maintain the issue on the part of the plaintiff, the effect appears to me to be the same as if the Jury had found a general verdict for him.
Professor Wooddeson, speaking of the action of assumpsit, (vol. 3. p. 152.) says, "We have heretofore seen 44 that it cannot be brought on a writing under seal *171 therefore, for example, not on an indenture of lease cc for the rent thereby reserved. Neither, as it was an- “ cientiy said, will the law imply any promise to pay the 6t rent in a parol lease ; for, in the technical phrase, the demand savours of the realty, and there are other “ remedies ; by action of debt, though that too is a person-u al action, and by distress. But if there be in fact a col- “ lateral and express promise to pay the rent, and no “ deed executed wider seal, it may be recovered in this “ mode ; because it appears, that the promiser intended “ to give the plaintiff this' additional remedy. This ac- “ tion is also maintainable, to obtain a recompense for “ the occupation of the plaintiff’s land, by his permis- “ sion, where there is no stipulation for any precise “ rent. The declaration states a promise of the de~ u fendant to pay so much as the landlord reasonably de~ served to have for such permission ; which promise u may be implied by law. For, there being no certain “ rent, the plaintiff could neither distrain, nor, proper- “ ly, perhaps, bring an action of debt; this seems the “ plaintiff’s genuine remedy. If, therefore, it may be a allowed at all, the promise ,may well be implied j and “ though a precise rent was agreed for, (and consequent- “ ly there was an actual promise of payment, which, “ however, the plaintiff has not evidence to prove,) yet, “ in this way, he may recover satisfaction. Scarce any u thing ir, more usual than such an action of assumpsit “ for the use and occupation of the plaintiff’s house by “ his permission, which also being a real estate, the “ same objection, if any, might in that case be alleged “ against implying a promise of making adequate com- “ pensation.” In the present case an express promise to pay the plaintiffs to their satisfaction has been proved ; but were it otherwise, according to the opinion of Judge Buller himself, in the case of Birch v. Wright,(a) the action may be maintained either upon an express, or an *172 implied contract; for which he cites the authority of Lord Mansfield., in the case of Carmier v. Mercer, which I have never seen.
I am, therefore, of opinion, that the judgment be afr , iirmedo
Judge Roane.
As the declaration in this case states an express promise to pay for the use of the land of the appellee, of which it is further stated, a he had, before that time, by the permission and assent of the appel- “ lant, had the use and occupation,” I have no doubt but that the action is sustainable. But, understanding that the point presented by the case of Sutton v. Mandeville is, whether this action is maintainable without proof of an express promise, I have not anticipated the consideration of that question ; though I doubt not that the doctrines mentioned by the Judge who preceded me, on that point, are correctly stated.
t Upon the demurrer to evidence I think the District Court decided correctly, and am for affirming the judgement.

 Cro.Jac.508

 1 Lev.179.

 Green v. Harrington, Hob. 234. 1 Brownl. 14. Hutt. 34. S.C. Vid. etium 1 Danv. Ab. 28. Actions, (O.)

 Cro. Jac. 593.

 Ibid. 608.

 Cro. Jac. 568.

 1 Lev.l79.

 1 Few. Rep. 387.